**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Damazo Solache VALDOVINOS,**
**Defendant—Appellant.**

No. 02–30427.
D.C. No. CR–01–60051–01–HO.

United States Court of Appeals,
Ninth Circuit.

Aug. 5, 2005.

Sean Hoar, Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Lynn Shepard, Eugene, OR, for Defendant–Appellant.

Before HUG, McKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM *

Valdovinos was charged and convicted of (1) conspiracy to distribute 50 grams or more of actual methamphetamine, (2) distribution of 5 grams or more of actual methamphetamine, and (3) possession with intent to distribute 5 grams or more of actual methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 360 months' imprisonment.

Following his conviction, Valdovinos appealed the district court's denial of his motion to suppress evidence obtained during the search of his residence. He argued that DEA agents intentionally and recklessly omitted material information about the confidential informant from the affidavit in support of the search warrant. He also challenged his sentence, contending that the district court's approximation of methamphetamine attributable to him, as well as its application of the two-level obstruction of justice enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3C1.1, were in error.

We affirmed Valdovinos's conviction and sentence in an unpublished memorandum. *United States v. Valdovinos,* 103 Fed. Appx. 221 (9th Cir.2004) (*"Valdovinos I"*). The Supreme Court granted certiorari, vacated the judgment, and remanded for reconsideration in light of *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Valdovinos v. United States,* 543 U.S. ——, 125 S.Ct. 1053, 160 L.Ed.2d 1043 (2005). We again affirm the district court's denial of the motion to suppress for the reasons stated in *Valdovinos I. See* 103 Fed.Appx. at 223–24. In light of *Booker* and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), however, we must consider whether resentencing is warranted.

In his direct appeal, Valdovinos argued that the district court did not base its approximation of the quantity of drugs involved in his offense on sufficiently reliable evidence to support the determination of his base offense level of 38. He also contended that the district court erred in applying a two-level obstruction of justice enhancement pursuant to Sentencing Guideline § 3C1.1 because the evidence did not support the conclusion that he willfully threatened or intimidated any government witnesses. Following remand from the Supreme Court, Valdovinos expressed his intent to pursue resentencing in light of *Booker* and *Ameline.* He did not raise any Sixth Amendment challenge to the district court's factual findings below, however, so we review for plain error. *See Ameline,* 409 F.3d at 1078, 1084.

Although we still believe that the district court properly applied the Guidelines in calculating the base level and imposing the enhancement, *see Valdovinos I,* 103 Fed. Appx. at 225–26, the district court nonetheless plainly erred by doing so "in reliance upon judge-made findings under the then-mandatory guidelines." *Ameline,* 409 F.3d at 1078. Moreover, we cannot "reliably determine from the record whether the sentence imposed would have been materially different" had the district court known the Guidelines were advisory. *Id.* at 1084. Therefore, we "remand to the sentencing court to answer that question" according to the procedure set forth in *Ameline. See id.*

### Conclusion

For the reasons discussed above, we reaffirm the district court's denial of Valdovinos's motion to suppress, but we remand for a determination as to whether

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his sentence would have been materially different under advisory Guidelines.

**AFFIRMED in part and REMANDED in part.**